UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**25-CR-60174-SMITH/HUNT**

Case No. _____

18 U.S.C. § 1349
18 U.S.C. § 982(a)(7)

UNITED STATES OF AMERICA

vs.

**ROBERT HOPTA,**

    Defendant.

_____/

FILED BY __BM__ D.C.

Jul 22, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

### The Medicare Program

1. The Medicare Program (Medicare) was a federally funded program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled. The benefits available under Medicare were governed by federal statutes and regulations. The United States Department of Health and Human Services (HHS), through its agency, the Centers for Medicare and Medicaid Services (CMS), oversaw and administered Medicare. Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2. Medicare was subdivided into multiple program "parts." Medicare Part A covered health services provided by hospitals, skilled nursing facilities, hospices, and home health agencies. Medicare Part B covered physician services and outpatient care, including an

individual's access to durable medical equipment, such as orthotic devices and wheelchairs. Part C, also known as Medicare Advantage, provided beneficiaries with the option to receive their Medicare benefits through a variety of private managed care plans. Part D of Medicare subsidized the costs of prescription drugs for Medicare beneficiaries in the United States.

3. Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

**COVID-19 Pandemic and Mass Immunization Providers**

4. In response to the COVID-19 health emergency, Medicare created a provider enrollment classification of "Mass Immunization" provider. An entity or individual who wished to furnish mass immunization services—but might not otherwise qualify as a Medicare provider—could become eligible to enroll as a "mass immunizer" via Form CMS-855I (individuals) or Form CMS-855B (entities).

5. Beginning April 4, 2022, and continuing through the end of the COVID-19 public health emergency, Medicare covered and paid for over the counter (OTC) COVID-19 tests at no cost to the Medicare beneficiary, including those with Medicare Advantage plans.

6. Eligible providers or suppliers could distribute U.S. FDA-approved, authorized, or cleared OTC COVID-19 tests to beneficiaries enrolled in Part B, including those enrolled in Medicare Advantage plans. Eligible Medicare beneficiaries got the tests at no cost, and their annual deductible, coinsurance, and/or copayment did not apply.

7. Each eligible Medicare beneficiary was allowed to receive up to eight tests per calendar month during the public health emergency.

8. To be eligible for reimbursement the beneficiary was required to request the test. Providers are told to retain documentation showing a patient's request for tests.

9. A Medicare claim for OTC COVID-19 test reimbursement was required to set forth, among other things, the beneficiary's name and unique Medicare identification number, the number of OTC COVID-19 tests provided, the date the test was provided, and a fixed billable rate of $12 per kit. A prescribing physician was not required for the OTC COVID-19 test.

### The Defendant and Related Entities

10. Golden Hills Pharmacy was a Florida corporation located at 2053 N. University Dr., Sunrise, Florida, that did business in Broward County purportedly providing over the counter (OTC) COVID-19 tests to Medicare beneficiaries.

11. Company 1 was a Florida corporation located in Broward County.

12. Defendant **ROBERT HOPTA**, a resident of Palm Beach County, was the President and Registered Agent of Golden Hills Pharmacy.

### COUNT 1
### Conspiracy to Commit Health Care Fraud and Wire Fraud
### (18 U.S.C. § 1349)

From in or around June 2021, and continuing through in or around January 2023, in Broward and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendant,

**ROBERT HOPTA,**

did knowingly and willfully, that is, with the intent to further the objects of the conspiracy, combine, conspire, confederate, and agree with others known and unknown to the United States Attorney, to commit offenses against the United States, that is:

   a. to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses,

representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347; and

    b. to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## Purpose of the Conspiracy

13. It was a purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things: (a) offering, paying, and causing the payment of kickbacks and bribes to marketing companies in exchange for Medicare beneficiary personal health information; (b) submitting and causing the submission, via interstate wire communication, of false and fraudulent claims to Medicare through Golden Hills Pharmacy for OTC COVID-19 tests that were not requested by the beneficiaries and not eligible for Medicare reimbursement; (c) concealing and causing the concealment of false and fraudulent claims to Medicare; and (d) diverting fraud proceeds for his personal use and benefit, the use and benefit of others, and to further the conspiracy.

### Manner and Means of the Conspiracy

The manner and means by which the defendant and his co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things:

14. **ROBERT HOPTA** and others, through and on behalf of Golden Hills Pharmacy, paid and caused to be paid kickbacks and bribes to marketing companies, including Company 1, in exchange for Medicare beneficiary personal health information used by Golden Hills Pharmacy.

15. **ROBERT HOPTA** and others submitted, and caused the submission of, false and fraudulent claims to Medicare, using interstate wire communications, on behalf of Golden Hills Pharmacy, totaling approximately $17,251,584, for OTC COVID-19 tests not requested by beneficiaries and not eligible for reimbursement. As a result of these false and fraudulent claims, Golden Hills Pharmacy received payment in the approximate amount of $9,932,412.

16. **ROBERT HOPTA** and others used the fraud proceeds to benefit themselves and others and to further the conspiracy.

All in violation of Title 18, United States Code, Section 1349.

### FORFEITURE
### (18 U.S.C. § 982(a)(7))

1. The allegations contained in this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **ROBERT HOPTA,** has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1349, as alleged in this Information, the defendant shall forfeit to the United States, any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such violations, pursuant to Title 18, United States Code, Section 982(a)(7).

All pursuant to Title 18, United States Code, Section 982(a)(7); and the procedures set forth at Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b)(1).

_____, SLL + Acty Crim/Chief
HAYDEN P. O'BYRNE        (Edward N. Stamm)
UNITED STATES ATTORNEY

AUSA _____
CHRISTOPHER J. CLARK
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 25-CR-60174-SMITH/HUNT

v.

ROBERT HOPTA

**CERTIFICATE OF TRIAL ATTORNEY**

_____/
Defendant.

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☐ Miami  ☐ Key West  ☐ FTP
☑ FTL    ☐ WPB

I do hereby certify that:
1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:
   (Check only one)
   I   ☑ 0 to 5 days
   II  ☐ 6 to 10 days
   III ☐ 11 to 20 days
   IV  ☐ 21 to 60 days
   V   ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____
CHRISTOPHER J. CLARK
Assistant United States Attorney
SDFL Court ID No. 588040

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: ROBERT HOPTA

**Case No**: _____

Count #1:

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment:** Twenty (20) Years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 or twice the gross gain or gross loss for the offense

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. **25-CR-60174-SMITH/HUNT** |
| ) | |
| Robert Hopta, ) | |
| *Defendant* ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*